UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA MARQUES
MACHADO and RICARDO
BATISTA DE MORAES,

        Plaintiffs,

v.                                      Case No: 6:24-cv-1262-PGB-EJK

ALEJANDRO MAYORKAS, UR
MENDOZA JADDOU and
CONNIE NOLAN,

        Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiffs Patricia Marques Machado and Ricardo Batista De Moraes's ("**Plaintiffs**") Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7 (the "**Motion**")) and supplemental Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 13 (the "**Supplemental Motion**")). The Court does not deem a response necessary from Defendants Secretary of the Department of Homeland Security Alejandro Mayorkas; U.S. Citizenship and Immigration Services ("**USCIS**") Director Ur Mendoza Jaddou; and USCIS Associate Director Connie Nolan (collectively "**Defendants**"). Upon due consideration, Plaintiffs' Motion and Supplemental Motion are denied without prejudice.

**I. BACKGROUND**

Plaintiffs initiated this action on July 11, 2024, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 702, and due process. (Doc. 1). In sum, Plaintiffs seek relief from and review of Defendants' denial of Plaintiffs' I-485 Applications to Adjust Status. (*Id.*).

Shortly after initiating the action, Plaintiffs filed the Motion, requesting a temporary restraining order and a preliminary injunction. (Doc. 7). Considering the Motion failed to comply with various requirements under Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02, the Court entered an Order (Doc. 8 (the "**Order**")) directing Plaintiffs to supplement the Motion "with a filing demonstrating their compliance with the aforementioned rules." The Court also notified Plaintiffs that "[f]ailure to do so may result in the denial of the Motion." (*Id.*). Accordingly, on July 26, 2024, Plaintiffs filed the Supplemental Motion to represent their compliance with certain, but not all, provisions of Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02. (Doc. 13).

**II. DISCUSSION**

The Court notes that it limits its discussion to Plaintiffs' request for a temporary restraining order. The Court does so because, pursuant to Federal Rule of Civil Procedure 65(a)(1), a "court may issue a preliminary injunction only on notice to the adverse party," and under Local Rule 6.02(c), a defendant is entitled to respond to a motion for preliminary injunction. Here, Defendants have not received notice of the motions, and thus, have not filed response(s) thereto. In fact,

Defendants have not even appeared in this case. Consequently, the Court declines consideration of Plaintiffs' request for a preliminary injunction at this time.

With regard to Plaintiffs' request for a temporary restraining order, the Court finds that Plaintiffs' Motion and Supplemental Motion fail to comply with Federal Rule of Civil Procedure 65 and Local Rule 6.01.

Specifically, Federal Rule of Civil Procedure 65, in relevant part, provides:

(b) TEMPORARY RESTRAINING ORDER

> (1) *Issuing Without Notice*. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> >
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

Here, Plaintiffs have failed to comply with Rule 65(b)(1)(B) because Plaintiffs' counsel has not "certifie[d] in writing any efforts made to give notice." *Id.* Instead, in the Supplemental Motion, Plaintiffs' counsel informed the Court of his intention "to give notice to Defendants of the filing of [the] motion as soon as [___]." (Doc. 13, p. 3). Yet, Plaintiffs' counsel did not provide a date, nor did he complete this sentence. (*Id.*).

Moreover, Plaintiffs have failed to provide "reasons why [notice] should not be required." FED. R. CIV. P. 65(b)(1)(B). Plaintiffs' counsel stated that "[b]ecause

this is a recent action, [he] has not been able to effect service of the Complaint and Summons in this matter to the Defendants." (Doc. 13, p. 3). The Court is not persuaded by this assertion because Plaintiffs served Defendants with the Complaint on July 17, 2024.[1] (Doc. 14, p. 2). By that date, Plaintiffs had already filed the Motion, and thus, they could have served notice of the Motion at the same time they served the Complaint. (*See* Doc. 7). Finally, the only remaining reason that Plaintiffs' counsel seemingly provided as to why notice should not be required is that the pleadings "are being served electronically to the Defendants' counsel, within moments of filing." (Doc. 13, p. 3). However, Plaintiffs' counsel ignored the fact that Defendants' counsel has yet to appear in this case, which means that Defendants' counsel is not currently receiving electronic notification of such pleadings.

Therefore, considering the Motion fails to comply with Federal Rule of Civil Procedure 65(b)(1)(B), that alone is a sufficient basis to deny Plaintiffs' request for a temporary restraining order.[2] (FED. R. CIV. P. 65(b)(1) (allowing a court to issue

---

[1] The Certificate of Service represents that a copy of a "Complaint for Declaratory and Injunctive Relief" was served on Defendants. (Doc. 14). However, this is misleading as the Complaint does not mention any form of injunctive relief. (Doc. 1). Consequently, service of the Complaint is not proper notice of Plaintiffs' request for a temporary restraining order.

[2] In denying a motion for a temporary restraining order for failure to comply with Rule 65(b)(1)(B), a district court in the Middle District of Florida emphasized:

> To obtain *ex parte* relief, a party must strictly comply with these requirements. They are not mere technicalities, but establish minimum due process. A plaintiff cannot evade the requirements of Rule 65(b)(1) and obtain an *ex parte* restraining order by merely pointing to the merits of its claims. Indeed, such an argument would swallow Rule 65(b)(2)'s requirement that the court consider not only the need for the restraining order, but also the need for proceeding *ex parte*.

a temporary restraining order "only if" the movant complies with 65(b)(1)(A) "and" 65(b)(1)(B))); *see Tempur-Pedic N. Am., LLC v. Mattress Firm, Inc.*, No. 8:18-cv-2147-T-33SPF, 2018 WL 4103560, at *2–3 (M.D. Fla. Aug. 29, 2018) (denying a motion for a temporary restraining order for failure to comply with Rule 65(b)(1)(B) although plaintiffs satisfied 65(b)(1)(A)). Consequently, the Court need not discuss the remaining deficiencies within Plaintiffs' Motion and Supplemental Motion.[3]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7) and Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 13) are **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 5, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

*Garcia v. Truist Bank*, No. 8:23-cv-2666-VMC-AEP, 2023 WL 9062995, at *1 (M.D. Fla. Nov. 25, 2023) (citations and quotation marks omitted).

[3] The Court highlights that its denial of the Motion and Supplemental Motion is *without* prejudice, and thus, Plaintiffs may file an amended motion in compliance with the Federal Rules of Civil Procedure and the Local Rules.