UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA MARQUES
MACHADO and RICARDO
BATISTA DE MORAES,

        **Plaintiffs,**

v.                              Case No: 6:24-cv-1262-PGB-EJK

ALEJANDRO MAYORKAS, UR
MENDOZA JADDOU and
CONNIE NOLAN,

        **Defendants.**
_____/

## ORDER

This cause is before the Court on Plaintiffs Patricia Marques Machado and Ricardo Batista De Moraes's ("**Plaintiffs**") Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 17 (the "**Second Motion**")). The Court does not deem a response necessary from Defendants Secretary of the Department of Homeland Security Alejandro Mayorkas; U.S. Citizenship and Immigration Services ("**USCIS**") Director Ur Mendoza Jaddou; and USCIS Associate Director Connie Nolan (collectively "**Defendants**"). Upon consideration, Plaintiffs' Second Motion is due to be denied without prejudice.

**I.    BACKGROUND**

Plaintiffs initiated this action on July 11, 2024, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 702, and due process. (Doc. 1). In sum,

Plaintiffs seek relief from and review of Defendants' denial of Plaintiffs' I-485 Applications to Adjust Status. (*Id.*).

Shortly after initiating the action, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 7 (the "**Initial Motion**")). Considering the Initial Motion failed to comply with Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02, the Court entered an Order directing Plaintiffs to supplement the Initial Motion "with a filing demonstrating their compliance with the aforementioned rules." (Doc. 8). The Court also notified Plaintiffs that "[f]ailure to do so may result in the denial of the [Initial] Motion." (*Id.*). Accordingly, on July 26, 2024, Plaintiffs filed a Supplemental Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 13 (the "**Supplemental Motion**")) to represent their compliance with certain, but not all, provisions of Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02. (Doc. 13). Consequently, the Court issued an Order denying the Initial Motion and Supplemental Motion without prejudice for failure to comply with Federal Rule of Civil Procedure 65 and the Local Rules. (Doc. 16 (the "**Order**")).

Then, Plaintiffs filed the Second Motion in their third attempt to obtain a temporary restraining order and/or preliminary injunction.

## II. DISCUSSION

Notwithstanding the Court's several references directing Plaintiffs to Federal Rule of Civil Procedure 65 and Local Rules 6.01 and 6.02, Plaintiffs have still failed to comply with these rules. In the Second Motion, Plaintiffs alleged that

they served the proposed Order granting the Temporary Restraining Order and/or Preliminary Injunction. (*See* Doc. 17, pp. 2, 28). However, Plaintiffs failed to indicate that they served notice of the Second Motion itself. Instead, Plaintiffs alleged that they filed the Second Motion on this Court's docket, and that Defendants will receive notice thereof "as soon as they file appearance."[1] (*Id.* at pp. 2, 24–25).

Considering Plaintiffs did not provide Defendants with notice of the Second Motion itself, Plaintiffs have again failed to comply with Federal Rule of Civil Procedure 65(a)(1) and Local Rule 6.02(b) with regard to their request for a preliminary injunction. *See Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted) (explaining that "the nonmoving party must have notice and an opportunity to present its opposition to the injunction" and that "the sufficiency of notice 'is a matter left within the discretion of the trial court'"). Plaintiffs also failed to comply with Federal Rule of Civil Procedure 65(b)(1)'s requirements for a temporary restraining order to be issued without notice. Consequently, Plaintiffs' Second Motion fails for similar reasons as set forth in the Court's previous Order. (*See* Doc. 16).

Even if Plaintiffs fulfilled the notice requirements for the requested relief, their Second Motion still fails to comply with Federal Rule of Civil Procedure 65

---

[1] To date, Defendants have yet to appear in this action.

3

and Local Rules 6.01 and 6.02.² Ultimately, because injunctive relief is an extraordinary remedy, proper procedure must occur prior to the issuance of such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019) (citations omitted). Any subsequent motions filed by Plaintiffs shall comply with the Federal Rules of Civil Procedure and the Local Rules. Failure to do so shall result in the denial of such motions.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (Doc. 17) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Orlando, Florida on August 14, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

² In the interests of clarity, the Court highlights some of the deficiencies within the Second Motion. (*See* Doc. 17). First, Plaintiffs failed to provide an affidavit or a verified complaint in support of the requested relief. *See* FED. R. CIV. P. 65(b)(1)(A); *see also* Local Rule 6.01(a)(2), 6.02(a)(1). Plaintiffs also failed to comply with the security requirement under Federal Rule of Civil Procedure 65(c). (*See* Doc. 17). Instead, Plaintiffs requested that the Court waive such a requirement, but Plaintiffs provided no law, analysis, or evidence to support this waiver request. (*Id.* at p. 3). Finally, to the extent Plaintiffs requested a preliminary injunction, Plaintiffs failed to comply with Local Rule 6.02(a)(2).